*Exhibit A*

ER

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

|  |  |
|---|---|
| TODD & WELD LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. _____ |
| | ) |
| NEWSMAX MEDIA, INC., | ) |
| | ) |
| Defendant. | ) |

## <u>COMPLAINT AND JURY DEMAND</u>

### i.    <u>Introduction</u>

1.     This is an action for, *inter alia*, breach of contract in which Plaintiff Todd & Weld LLP ("Todd & Weld") seeks fees that Defendant Newsmax Media, Inc. ("Newsmax") concedes it owes but refuses to pay.

2.     Starting in 2021, Todd & Weld provided legal services to Newsmax in two separate, but related defamation lawsuits filed in Delaware Superior Court: *U.S. Dominion, Inc., et al. v. Newsmax Media, Inc.*, No. N21C-08-063 EMD, Del. Super. Ct. ("Dominion Lawsuit"); and *Smartmatic USA Corp., et al. v. Newsmax Media, Inc.*, No. N21C-11-028 EMD, Del. Super. Ct. ("Smartmatic Lawsuit" and together with the Dominion Lawsuit, the "Defamation Actions"). Those lawsuits alleged that certain statements made during Newsmax's coverage of the 2020 Presidential Election were defamatory.

3.     The plaintiffs in the Smartmatic Lawsuit sought over $1 billion in damages from Newsmax.

4.      With Todd & Weld as lead trial counsel, Newsmax's CEO, Christopher Ruddy ("Mr. Ruddy"), made the decision to settle that case during jury selection for a tiny fraction of the damages that Smartmatic was seeking. The settlement involved a payment by Newsmax of $40 million payable over time and the issuance of a five-year cash exercise warrant to purchase certain Newsmax shares.

5.      After the conclusion of the Smartmatic Lawsuit, Todd & Weld decided to resign from further representation of Newsmax in the Dominion Lawsuit. It did so given the number of other law firms involved in the defense of Newsmax in that case. Upon communicating the firm's amiable resignation to Newsmax's Corporate Counsel, Michael Olney ("Mr. Olney") both Mr. Olney and Mr. Ruddy called Todd & Weld and asked the firm not to withdraw and to stay on as lead trial counsel in the Dominion Lawsuit. Mr. Ruddy and Mr. Olney praised Todd & Weld's representation in the Smartmatic case and thanked the firm for its good work.

6.      The plaintiffs in the Dominion Lawsuit separately sought over $1 billion in damages from Newsmax.

7.      Again, with Todd & Weld as lead trial counsel, Mr. Ruddy settled the Dominion Lawsuit less than two months before trial for a small fraction of the alleged damages. The settlement involved payment by Newsmax of $67 million over two fiscal years.

8.      By comparison, Fox News settled with Dominion for a whopping $787.5 million on nearly identical claims in 2023.

9.      Todd & Weld also provided advice and representation to Newsmax in connection with the defense of a third lawsuit filed before the Dominion Lawsuit in Denver County Colorado District Court captioned *Coomer v. Donald J. Trump for President, et al.*, No. 2020CV34319 ("Coomer Lawsuit"). The plaintiff in the Coomer Lawsuit, Dr. Eric Coomer, was

a former Dominion employee who sued Newsmax in Colorado in connection with its coverage of the 2020 Presidential Election when he was still Dominion's Security Director. That lawsuit was settled in April 2021.

10.     By any measure, Todd & Weld's representation of Newsmax was both professional and highly successful. For example, Mr. Olney, the person charged with overseeing the litigation, repeatedly praised Todd & Weld. As another example, the Court appointed Special Master (for both the Smartmatic and Dominion Lawsuits) repeatedly praised Todd & Weld's representation of Newsmax on the record. Yet, after settling the Dominion lawsuit, Newsmax refuses to pay Todd & Weld's final invoices for its tireless and highly effective advocacy on behalf of Newsmax.   As set forth below, Mr. Olney has expressed his embarrassment at Newsmax's refusal to pay, making clear that he disagrees with it.

### ii.     Parties

11.     Plaintiff Todd & Weld LLP is a Massachusetts limited liability partnership with a principal place of business, and sole office, at One Federal Street, Boston, Massachusetts.

12.     Defendant Newsmax Media, Inc. is a Florida corporation with a principal place of business in Boca Raton, Florida.

### iii.     Jurisdiction and Venue

13.     This Court has subject matter jurisdiction over this action under G.L. c. 212, § 3 and 4.

14.     This Court has personal jurisdiction over Newsmax under G.L. c. 223A, § 3, because it transacted business in Massachusetts including by seeking out Todd & Weld to serve as its lead trial counsel in the Defamation Actions.

3

15.  Venue is proper in Suffolk County under G.L. c. 223, § 1, because Todd & Weld's principal place of business is in Suffolk County.

### iv.    Facts

15.     On or about January 26, 2021, Todd & Weld and Newsmax entered into an engagement agreement for the Coomer Lawsuit "and any other related litigation," which includes the subsequently filed Dominion Lawsuit. A true and accurate copy of that engagement agreement is attached as Exhibit A.

16.     The Coomer Lawsuit included statements allegedly made about Dr. Coomer on one of the very same Newsmax broadcasts at issue in the Dominion Lawsuit.

17.     In fact, Dominion and Dr. Coomer both alleged the exact same statement was defamatory.

18.     On or about November 11, 2021, Todd & Weld and Newsmax entered into an engagement agreement for the Smartmatic Lawsuit. A true and accurate copy of that engagement agreement is attached as Exhibit B.

19.     Todd & Weld was engaged as lead trial counsel in both the Dominion Lawsuit and the Smartmatic Lawsuit.

20.     Both engagement agreements include provisions for arbitration before the Fee Arbitration Board of the Massachusetts Bar Association in the event of a dispute concerning Todd & Weld's fees. Because the Coomer engagement agreement encompasses the Dominion Lawsuit as "other related litigation," arbitration of this dispute would be appropriate.

21.     Newsmax, however, has expressly waived its right to arbitrate and thus Todd & Weld brings this action in Superior Court.

22.     While no separate written engagement agreement exists for the Dominion Lawsuit specifically, there is no dispute that Newsmax hired Todd & Weld as lead trial counsel for the Dominion Lawsuit on the same terms as the engagement agreements for the Coomer Lawsuit (which included "any related litigation," such as the Dominion Lawsuit) and the Smartmatic Lawsuit.

23.     Nor is there any dispute that Newsmax accepted the benefit of Todd & Weld's tireless work and thousands of hours spent over the course of several years of litigation of the Dominion Lawsuit.

24.     Todd & Weld worked with co-counsel at several other (much larger) firms throughout these cases, including Duane Morris LLP, Troutman Pepper LLP (now known as Troutman Pepper Locke LLP), Young Conaway Stargatt & Taylor, LLP, and Baker & Hostetler LLP (collectively, the "Other Firms").

25.     Todd & Weld's focus from the beginning and throughout both the Defamation Actions was on discovery and preparing the cases for trial.

26.     Todd & Weld took and defended many key depositions, managed document discovery after prior counsel from Duane Morris withdrew from the Defamation Actions, and led the frequent, often weekly, hearings before the Special Master appointed by the Delaware Superior Court to oversee discovery (including successfully opposing motions seeking significant sanctions against Newsmax).

27.     The Other Firms had primary responsibility for drafting responses to the complaints and dispositive motions, such as motions to dismiss, judgment on the pleadings, choice of law, and summary judgment.

28.     The Other Firms also had primary responsibility at oral argument on the dispositive motions and played significant roles in expert discovery and trial preparation for both of the Defamation Actions.

29.     The Defamation Actions were complex factually and legally. Collectively, Dominion and Smartmatic claimed that over 50 statements in Newsmax's coverage of the 2020 Presidential Election on over two dozen broadcasts were defamatory—with a dozen and a half broadcasts at issue in the Dominion Lawsuit alone.

30.     Each of the Defamation Actions individually involved more than 15 affirmative and rebuttal experts, scores of fact witnesses, over 100 document custodians, and millions of documents to review for production, with millions of incoming documents to review to prepare for depositions and trial.

31.     Needless to say, Todd & Weld dedicated  thousands of hours of attorney and paralegal time to its dogged representation of Newsmax, which contributed to the successful resolution of the Defamation Actions and Coomer Lawsuit that Todd & Weld handled for Newsmax. Todd & Weld did so at rates lower than the Other Firms because it is a small boutique litigation firm.

32.     Todd & Weld is currently owed $426,498.96 for the Dominion Litigation. A true and accurate copy of the final invoice for the Dominion Litigation is attached as Exhibit C.

33.     But Newsmax simply refuses to pay Todd & Weld in full for the work it performed for Newsmax, even though Newsmax acknowledges that Todd & Weld is owed the unpaid legal fees, having actually scheduled payment for most of the outstanding amount at the end of July 2025.

34.    Todd & Weld sent Invoice No. 827652 to Newsmax on June 26, 2025 for the total amount of $353,704.88. *See* Exhibit C at 4.

35.    On July 24, 2025, Todd & Weld's Executive Director sent an email to Newsmax's Chief Financial Officer, Darryle Burnham ("Mr. Burnham"), and copying others including Mr. Olney, asking for confirmation that Invoice No. 827652 "totaling $353,707.88 [*sic*] is still set to be paid by ACH on 7/28?" A true and accurate copy of this email chain from July 24, 2025, is attached as Exhibit D.

36.    That same day, Mr. Burnham directed Newsmax's Accounts Payable Department to schedule the full amount for payment on July 28, 2025.  *See id.* ("AP please schedule for 7/28").

37.    This was actually Mr. Burnham's second directive to Newsmax's Accounts Payable Department to pay Invoice Number 827652 having done so earlier on July 8, 2025. *See id*. July 8, 2025 email from Darryle Burnham to Accounts Payable ("AP, please schedule this for payment the week of the 28th.").

38.    Despite both of these directives from Mr. Burnham, that payment never came.

39.    Todd & Weld issued two more invoices for work performed on Newsmax's behalf related to the Dominion Lawsuit before that case settled: (1) Invoice No. 827926 on July 24, 2025 for $13,145.25; and (2) Invoice No. 829554 on August 12, 2025 for $58,485.28. *See* Exhibit C at 4.

40.    The Dominion Litigation was settled on or about August 15, 2025.

41.    Todd & Weld's Founding Partner and lead trial counsel for the Defamation Actions, Howard M. Cooper, reached out to Mr.Olney to inquire about the status of payment of the outstanding invoices after the settlement. In response, on or about August 21, 2025, Mr.

Olney told Attorney Cooper that at Mr. Ruddy's instruction, Newsmax would not pay Todd & Weld's outstanding bills or any future invoices. Mr. Olney expressed his embarrassment at Newsmax's failure to pay and made clear that he disagreed with what Newsmax was doing. For example, Mr. Olney stated repeatedly and apologetically: "I am only the messenger."

42.     Newsmax does not dispute the amount Newsmax owes Todd & Weld. Its position, as expressed by Mr. Ruddy, is simply that "a couple hundred thousand dollar haircut is fair" because the Lawsuits were somehow "lost".

43.     Mr. Ruddy has also insulted Todd & Weld's performance during the Smartmatic Lawsuit, apparently forgetting that he previously praised Todd & Weld in that regard and asked the firm to continue its representation in the Dominion Lawsuit when the firm wished to withdraw.

44.     After being reminded of these facts, Mr. Ruddy has refused to speak by phone, by text, or in person to try to resolve this matter, leaving Todd & Weld with no choice but to file this lawsuit.

45.     The total outstanding balance for the Dominion Litigation as of September 5, 2025 is $426,498.96 . *See* Exhibit C at 4.

46.     That outstanding amount has remained unpaid.

## COUNT I

### (Breach of Contract)

47.     Todd & Weld repeats and re-alleges each and every allegation above as if set forth herein.

48.     Todd & Weld has valid and enforceable contracts with Newsmax for the provision of legal services for the Dominion Lawsuit, Smartmatic Lawsuit, and Coomer Lawsuit.

49.     The engagement agreement signed at the time of the Coomer Lawsuit includes "any other related litigation," which includes the Dominion Lawsuit.

50.     Both Dr. Coomer and Dominion alleged that Newsmax defamed them for the same statement on the same broadcast.

51.     Under those contracts, Newsmax agreed to pay Todd & Weld for legal services at an hourly rate and litigation-related costs.

52.     Todd & Weld fully performed and complied with the terms of the applicable contracts.

53.     Newsmax does not dispute and, in fact, admits that it owes Todd & Weld hundreds of thousands of dollars for the work Todd & Weld performed on its behalf.

54.     Newsmax breached the contracts when they failed—and subsequently refused—to pay Todd & Weld in full for its work for Newsmax on the Defamation Actions, including the Dominion Lawsuit.

55.     As a result, Todd & Weld has suffered substantial damages in an amount to be determined at trial.

## COUNT II

### (Breach of Implied Contract)

56.     Todd & Weld repeats and re-alleges each and every allegation above as if set forth herein.

57.     Todd & Weld has valid and enforceable contracts with Newsmax for the provision of legal services for the Dominion Lawsuit, Smartmatic Lawsuit, and Coomer Lawsuit.

58.     The engagement agreement signed at the time of the Coomer Lawsuit includes "any other related litigation," which includes the Dominion Lawsuit.

59.     Indeed, both Dr. Coomer and Dominion alleged that Newsmax defamed them for the same statement on the same broadcast.

60.     To the extent, however, that the engagement agreement signed at the time of the Coomer Lawsuit does not encompass Todd & Weld's work on the Dominion Lawsuit, Newsmax's actions over the past four (4) years establish the existence of an implied agreement with Todd & Weld for services related to the Dominion Lawsuit.

61.     Newsmax was fully aware of the thousands of hours of work Todd & Weld performed in defending Newsmax in the Dominion Lawsuit over the last four years, including document discovery, taking and defending depositions, expert discovery, appearing at Court and Special Master Hearings, and preparing for trial.

62.     Over this same period, Newsmax paid Todd & Weld for its work on the Defamation Actions, including the Dominion Lawsuit.

63.     Mr. Ruddy also expressly asked Attorney Cooper that he and Todd & Weld remain as lead trial counsel following the settlement of the Smartmatic Lawsuit.

64.     Todd & Weld reasonably expected that Newsmax would continue to pay its invoices for services it received from Todd & Weld related to the Dominion Lawsuit.

65.     An implied agreement for Todd & Weld's legal services related to the Dominion Lawsuit exists.

66.     Newsmax breached this implied contract when they failed—and subsequently refused—to pay Todd & Weld in full for its work for Newsmax on the Defamation Actions including the Dominion Lawsuit.

67.     As a result, Todd & Weld has suffered substantial damages in an amount to be determined at trial.

## COUNT III

### (Breach of the Covenant of Good Faith and Fair Dealing)

68.　　Todd & Weld repeats and re-alleges each and every allegation above as if set forth herein.

69.　　Every contract contains an implied covenant of good faith and fair dealing.

70.　　Newsmax owes Todd & Weld a duty of good faith and fair dealing under its contracts for legal services with Todd & Weld, including for the Defamation Actions.

71.　　Newsmax breached the covenant of good faith and fair dealing when they failed—and subsequently refused—to pay Todd & Weld in full for its work for Newsmax on the Defamation Actions, including the Dominion Lawsuit, in the amounts set forth in the Invoices.

72.　　As a result, Todd & Weld has suffered substantial damages in an amount to be determined at trial.

## COUNT IV

### (Unjust Enrichment)

73.　　Todd & Weld repeats and re-alleges each and every allegation above as if set forth herein.

74.　　Todd & Weld conferred a measurable benefit upon Newsmax, having performed thousands of hours of legal work for Newsmax, which contributed to the favorable settlement of the Defamation Actions in which the plaintiffs each sought over $1 billion in damages from Newsmax.

75.　　Newsmax was and is fully aware of the benefit that Todd & Weld conferred upon it.

11

76.    Newsmax does not dispute and, in fact, admits that it owes Todd & Weld hundreds of thousands of dollars for the work Todd & Weld performed on its behalf.

77.    Newsmax accepted and retained that benefit, and it would be inequitable to allow Newsmax to retain that benefit without payment to Todd & Weld for the work it performed for Newsmax.

78.    As a result, Todd & Weld has suffered substantial damages in an amount to be determined at trial.

## COUNT V

### (Quantum Meruit)

79.    Todd & Weld repeats and re-alleges each and every allegation above as if set forth herein.

80.    Todd & Weld conferred a measurable benefit upon Newsmax, having performed thousands of hours of legal work for Newsmax, which contributed to the favorable settlement of the Defamation Actions in which the plaintiffs each sought over $1 billion in damages from Newsmax.

81.    Todd & Weld reasonably expected compensation from Newsmax for its legal work.

82.    Newsmax accepted the benefit of Todd & Weld's legal work with knowledge of Todd & Weld's reasonably expectation to be compensated for its legal work.

83.    Todd & Weld is entitled to be compensated for the benefit it conferred on Newsmax through its legal work for Newsmax.

84.    Newsmax does not dispute and, in fact, admits that it owes Todd & Weld hundreds of thousands of dollars for the work Todd & Weld performed on its behalf.

85.     As a result, Todd & Weld has suffered substantial damages in an amount to be determined at trial.

<u>COUNT VI</u>
**(Unfair and Deceptive Trade Practices, M.G.L. c. 93A)**

86.     Todd & Weld repeats and re-alleges each and every allegation above as if set forth herein.

87.     Todd & Weld is a Boston-based law firm with its sole office in Boston, Massachusetts.

88.     Newsmax was at all relevant times engaged in trade or commerce as defined by Massachusetts General Laws chapter 93A in that it specifically sought out and contracted with Todd & Weld for legal services performed primarily in Massachusetts.

89.     Newsmax's conduct described above constitutes unfair and deceptive conduct under chapter 93A, in that: Newsmax was aware of its obligations under its contracts with Todd & Weld, but misled Todd & Weld into believing that Newsmax would perform its obligation to pay Todd & Weld for its work; Newsmax intentionally breached its obligation to pay Todd & Weld in order to gain without paying for it the ongoing benefit of the Todd & Weld's work; and Newsmax attempted to force a concession on its fee agreement with Todd & Weld to which Newsmax was not otherwise not entitled.

90.     Newsmax's unfair and deceptive acts took place primarily and substantially in Massachusetts in that they were directed toward Todd & Weld, which performed the vast majority of its work for Newsmax in Massachusetts.

91.     As a result of Newsmax's unfair and deceptive acts, Todd & Weld is entitled to damages in an amount to be determined at trial, multiple damages, and attorneys' fees.

WHEREFORE, Todd & Weld respectfully requests that this Court grant the following

relief:

1. Enter judgment in favor of Todd & Weld and against Newsmax on all counts of this Complaint;

2. Award Todd & Weld damages in an amount to be proved at trial;

3. Award Todd & Weld its costs, attorneys' fees, and multiple damages under Count VI;

4. Award Todd & Weld its pre-judgment and post-judgment interest; and

5. Grant such other and further relief as this Court deems just and proper.

## **JURY CLAIM**

Plaintiff Todd & Weld LLP demands a jury trial on all counts and issues so triable.

TODD & WELD LLP,

By its attorneys,

David H. Rich (BBO#634275)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
drich@toddweld.com

Dated: September 18, 2025

14

# EXHIBIT A

 **Todd&Weld** LLP

Howard M. Cooper
Email: hcooper@toddweld.com

January 26, 2021

**PRIVILEGED AND CONFIDENTIAL**

**Via Email**

Christopher Ruddy
CEO
Newsmax Media, Inc.
760 Park of Commerce Drive
Boca Raton, FL 33487
ruddy@newsmax.com

      Re:    **Coomer v. Donald J. Trump for President, et al.**
               **Denver County District Court Case No. 2020CV34319**

Dear Mr. Ruddy:

      We appreciate the opportunity to act as legal counsel to Newsmax Media. Inc ("Newsmax") in connection with the above-referenced matter. This letter sets forth the basic terms upon which Newsmax has engaged our firm, including the anticipated scope of our services and the billing policies and practices that will apply to the engagement. Although we expect our normal method of communication will be less formal than a written statement such as this, we believe it is important to set forth the terms of our engagement. We request that you review this letter carefully and, if it is consistent with your understanding of our respective responsibilities, please return a signed copy of this letter to me at your earliest convenience, keeping a fully executed copy for your files.

      The terms of our engagement are as follows:

      1.    <u>Scope of Engagement</u>.  In general, you have requested advice and representation in connection with the defense of a complaint filed against Newsmax by Dr. Eric Coomer and any other related litigation. Our services will be strictly of a legal nature. We will work cooperatively with other Newsmax counsel including any retained local counsel. We understand that Newsmax is exploring its insurance coverage for these matters and we will work with its insurers to the extent required.

      2.    <u>Billing Policies and Procedures</u>.  Our charges for legal services are based upon the guideline hourly rates of our lawyers and other professionals. I will be responsible for the overall supervision of the legal services provided by our firm.  My current guideline hourly rate is █ for this matter. The current guideline rates for others in our firm who may assist in connection with our representation range from █ per hour for attorneys, and █ per hour for paralegals. We reassess our guideline rates annually and the hourly rates for attorneys and paralegals are adjusted on September 1st of each year.

 **Todd&Weld**LLP

Christopher Ruddy
January 26, 2021
Page 2 of 2

We ask that you provide our firm with a ▮▮▮▮▮▮ retainer. You may do so by check made payable to "Todd and Weld LLP", or via wire transfer. We will apply the retainer to our initial billings. If any portion of the retainer is unused, we will promptly return it at the close of the case.

We will also bill for each cash disbursement in accordance with our normal practices. We will ask Newsmax to pay any substantial expenses directly to the vendor or provider of the service, unless you have advanced the payment to us. Our firm will make advances for minor expenses on Newsmax's behalf and bill Newsmax for them. We bill for our legal services and disbursements on a monthly basis. Our bills are due and payable within thirty (30) days.

It is the firm's policy to withdraw from representation in the event our fees and/or other charges remain unpaid for a significant time period and we are unable to resolve satisfactorily arrangements for payment. In the event our engagement is terminated, Newsmax will continue to be obligated to pay for charges for our services and other charges incurred before the termination date. In the event any disagreement arises between Newsmax and the firm as to any amounts owed for legal services performed or expenses incurred by the firm, both Newsmax and Todd & Weld LLP agree that we will submit any such disputes to the Fee Arbitration Board of the Massachusetts Bar Association for final and binding arbitration.

At the conclusion of the case, it is Todd & Weld LLP's usual practice to retain only certain portions of the file, returning and/or destroying documents not typically retained in storage. We shall provide you with an opportunity to retain these files at your discretion. If you choose not to retain any files, they will be destroyed pursuant to Todd & Weld LLP's retention policy.

We look forward to working with you. Please do not hesitate to call me if you have any questions concerning these matters.

Very truly yours,

Howard M. Cooper

As agreed:

_____
Christopher Ruddy for:
Newsmax Media, Inc.

Date: 1/26/21

# EXHIBIT B



Howard M. Cooper
Email: hcooper@toddweld.com

November 11, 2021

**PRIVILEGED AND CONFIDENTIAL**

**Via Email**

Christopher Ruddy
CEO
Newsmax Media, Inc.
760 Park of Commerce Drive
Boca Raton, FL 33487
ruddy@newsmax.com

<strong>Re:     Smartmatic USA Corp., et al. v. Newsmax Media, Inc.</strong>

Dear Chris:

We appreciate the opportunity to act as legal counsel to Newsmax Media. Inc ("Newsmax") in connection with the above-referenced matter. This letter sets forth the basic terms upon which Newsmax has engaged our firm, including the anticipated scope of our services and the billing policies and practices that will apply to the engagement. Although we expect our normal method of communication will be less formal than a written statement such as this, we believe it is important to set forth the terms of our engagement. We request that you review this letter carefully and, if it is consistent with your understanding of our respective responsibilities, please return a signed copy of this letter to me at your earliest convenience, keeping a fully executed copy for your files.

The terms of our engagement are as follows:

1.     <u>Scope of Engagement</u>.  In general, you have requested advice and representation in connection with the defense of a complaint filed against Newsmax by Smartmatic USA Corp., and its affiliates. Our services will be strictly of a legal nature. We will work cooperatively with other Newsmax counsel including any retained local counsel.

2.     <u>Billing Policies and Procedures</u>.  Our charges for legal services are based upon the guideline hourly rates of our lawyers and other professionals. I will be responsible for the overall supervision of the legal services provided by our firm. My current guideline hourly rate ▮▮▮▮ for this matter. The current guideline rates for others in our firm who may assist in connection with our representation range from ▮▮▮▮▮▮ per hour for attorneys, and ▮▮▮▮▮▮ per hour for paralegals. We reassess our guideline rates annually and the hourly rates for attorneys and paralegals are adjusted on September 1st of each year.

We will also bill for each cash disbursement in accordance with our normal practices. We will ask Newsmax to pay any substantial expenses directly to the vendor or provider of the service, unless you have advanced the payment to us. Our firm will make advances for minor expenses on Newsmax's

 **Todd&Weld** LLP

Christopher Ruddy<br>
November 11, 2021<br>
Page 2 of 2

behalf and bill Newsmax for them. We bill for our legal services and disbursements on a monthly basis. Our bills are due and payable within thirty (30) days.

It is the firm's policy to withdraw from representation in the event our fees and/or other charges remain unpaid for a significant time period and we are unable to resolve satisfactorily arrangements for payment. In the event our engagement is terminated, Newsmax will continue to be obligated to pay for charges for our services and other charges incurred before the termination date. In the event any disagreement arises between Newsmax and the firm as to any amounts owed for legal services performed or expenses incurred by the firm, both Newsmax and Todd & Weld LLP agree that we will submit any such disputes to the Fee Arbitration Board of the Massachusetts Bar Association for final and binding arbitration.

At the conclusion of the case, it is Todd & Weld LLP's usual practice to retain only certain portions of the file, returning and/or destroying documents not typically retained in storage. We shall provide you with an opportunity to retain these files at your discretion. If you choose not to retain any files, they will be destroyed pursuant to Todd & Weld LLP's retention policy.

We look forward to working with you. Please do not hesitate to call me if you have any questions concerning these matters.

Very truly yours,

Howard M. Cooper

As agreed:

_____
Christopher Ruddy for:
Newsmax Media, Inc.

Date:

# EXHIBIT C



September 5, 2025

Christopher Ruddy, CEO                                    Invoice:        829748
Newsmax Media, Inc.                                      Client:          13863
760 Park of Commerce Drive                               Matter:            002
Boca Raton, FL  33487                           Billing Attorney:       Cooper

---

## INVOICE SUMMARY

For professional services rendered through August 31, 2025:

**RE:  U.S. Dominion, Inc.**

| | |
|---|---:|
| Professional Services | $ 1,011.00 |
| Total Disbursements | $ 152.55 |
| **TOTAL CURRENT INVOICE** | **$ 1,163.55** |
| Previous Balance | $ 425,335.41 |
| **TOTAL BALANCE DUE** | **$ 426,498.96** |

Todd & Weld LLP

Invoice: 829748

September 5, 2025

## PROFESSIONAL SERVICES RENDERED



| Date | Tkpr | Description of Services | Hours |
|------|------|-------------------------|-------|
| 8/06/25 | ML | | |
| 8/08/25 | HMC | | |
| 8/12/25 | ML | | |
| 8/18/25 | ML | | |

**TOTAL PROFESSIONAL SERVICES** $ 1,011.00

## TIMEKEEPER SUMMARY

| Timekeeper | Hours | Rate | Total |
|------------|-------|------|-------|
| Maria Lombardi | | | |
| Howard M. Cooper | | | |
| **TOTALS** | | | **$ 1,011.00** |

## DISBURSEMENTS

| Date | Description | Amount |
|------|-------------|--------|
| 8/20/25 | | 152.55 |
| | **TOTAL DISBURSEMENTS** | **$ 152.55** |

**TOTAL CURRENT INVOICE** $ 1,163.55

Todd & Weld LLP

Invoice: 829748                                                    September 5, 2025

Todd & Weld LLP

Invoice: 829748                                                September 5, 2025

**OUTSTANDING INVOICES**

| Invoice Number | Date | Invoice Total | Payments Received | Ending Balance |
|---|---|---|---|---|
| 827652 | 6/26/25 | 353,704.88 | .00 | 353,704.88 |
| 827926 | 7/24/25 | 13,145.25 | .00 | 13,145.25 |
| 829554 | 8/12/25 | 58,485.28 | .00 | 58,485.28 |

| | |
|---|---|
| Previous Balance | $ 425,335.41 |
| Balance Due Current Invoice | $ 1,163.55 |
| **TOTAL BALANCE DUE** | **$ 426,498.96** |



September 5, 2025

Christopher Ruddy, CEO

Newsmax Media, Inc.

760 Park of Commerce Drive

Boca Raton, FL  33487

| | |
|---|---|
| Invoice: | 829748 |
| Client: | 13863 |
| Matter: | 002 |
| Billing Attorney: | Cooper |

## REMITTANCE ADVICE

| | |
|---|---|
| **BALANCE DUE CURRENT INVOICE** | **$ 1,163.55** |
| Previous Balance | $ 425,335.41 |
| **TOTAL BALANCE DUE** | **$ 426,498.96** |

Please return this page with payment to:

(Please include your invoice number on your check)

Todd & Weld LLP

One Federal Street

Boston, Massachusetts 02110

## TERMS: NET 30 DAYS

## For Billing Inquiries please call (617) 624-4898.

# EXHIBIT D

## Launer, Josh L.

| | |
|---|---|
| **From:** | Darryle Burnham <darryleb@newsmax.com> |
| **Sent:** | Thursday, July 24, 2025 12:05 PM |
| **To:** | Hood, Stephanie; Pescatore,Teresa; accountspayable@newsmax.com |
| **Cc:** | MOlney@newsmax.com; Cooper, Howard M.; Mahoney, Lauren |
| **Subject:** | Newsmax Open Invoices 6.30.25 |

AP please schedule for 7/28

Best,
Darryle Burnham
Chief Financial Officer, Newsmax
750 Park of Commerce Drive, Suite 100
Boca Raton, FL 33487
(561) 686-1165 x1298

**From:** Hood, Stephanie <shood@toddweld.com>
**Sent:** Thursday, July 24, 2025 11:48 AM
**To:** Darryle Burnham <darryleb@newsmax.com>; Pescatore,Teresa <tpescatore@toddweld.com>; Accounts Payable <accountspayable@newsmax.com>
**Cc:** Michael Olney <MOlney@newsmax.com>; Cooper, Howard <hcooper@toddweld.com>; Mahoney, Lauren <lmahoney@toddweld.com>
**Subject:** RE: Newsmax Open Invoices 6.30.25


Good morning, I wanted to check in to confirm that this invoice totaling $353,707.88 is still set to be paid by ACH on 7/28? Thanks so much for your time. Stephanie



**Stephanie Hood**
Executive Director
Todd & Weld LLP | 617.624.4782

**From:** Darryle Burnham <darryleb@newsmax.com>
**Sent:** Tuesday, July 8, 2025 2:49 PM
**To:** Pescatore,Teresa <tpescatore@toddweld.com>; Accounts Payable <accountspayable@newsmax.com>
**Cc:** Michael Olney <MOlney@newsmax.com>; Cooper, Howard <hcooper@toddweld.com>; Hood, Stephanie <shood@toddweld.com>; Mahoney, Lauren <lmahoney@toddweld.com>
**Subject:** RE: Newsmax Open Invoices 6.30.25

Thank you Teresa,

AP, please schedule this for payment the week of the 28th

Best,
Darryle Burnham
Chief Financial Officer, Newsmax
750 Park of Commerce Drive, Suite 100

Boca Raton, FL 33487

(561) 686-1165 x1298

**From:** Pescatore,Teresa <tpescatore@toddweld.com>
**Sent:** Tuesday, July 8, 2025 2:18 PM
**To:** Darryle Burnham <darryleb@newsmax.com>
**Cc:** Michael Olney <MOlney@newsmax.com>; Cooper, Howard <hcooper@toddweld.com>; Hood, Stephanie <shood@toddweld.com>; Mahoney, Lauren <lmahoney@toddweld.com>
**Subject:** Newsmax Open Invoices 6.30.25


Hi Darryle,

Attached please find a current outstanding invoice report for Newsmax Media as of June 30,2025.

If you have any questions, please let me know.

Thanks and enjoy the day!

Teresa Pescatore
*Billing Manager*

 **Todd&Weld** LLP

Todd & Weld LLP
One Federal Street, Boston, MA  02110
Tel:  617.624.4770
www.toddweld.com

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | TODD & WELD LLP | Defendant | NEWSMAX MEDIA, INC. |
|---|---|---|---|
| ADDRESS: | One Federal Street, 27th Floor, Boston, MA 02110 | ADDRESS: | 760 Park of Commerce Drive, Boca Raton, FL 33487 |

| Plaintiff Attorney: | David H. Rich | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Todd & Weld LLP, One Federal Street, 27th Floor, Boston, MA 02110 (617) 720-2626 | ADDRESS: | |
| BBO: | 634275 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Services, Labor and Materials | F | ☒ YES ☐ NO |

**\*If "Other" please describe:** _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date
1. Total hospital expenses _____
2. Total doctor expenses _____
3. Total chiropractic expenses _____
4. Total physical therapy expenses _____
5. Total other expenses (describe below) _____

Subtotal (1-5): _____ $0.00

B. Documented lost wages and compensation to date _____
C. Documented property damages to date _____
D. Reasonably anticipated future medical and hospital expenses _____
E. Reasonably anticipated lost wages _____
F. Other documented items of damages (describe below) _____

TOTAL (A-F): _____ $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Action for, inter alia, breach of contract in which Plaintiff seeks fees Defendant concedes it owes but refuses to pay | in excess of $50,000.00 |
| | Total | +$50,000.00 |

| Signature of Attorney/Self-Represented Plaintiff: X  /s/ David H. Rich | Date: September 18, 2025 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  /s/ David H. Rich | Date: September 18, 2025 |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (A) |
| PE1 | Administrative Action involving an Incarcerated Party | (A) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | | |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (A) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (X) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S(X) | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

| CD | **Summons** | CIVIL DOCKET NO. | **Trial Court of Massachusetts** |
| --- | --- | --- | --- |
| | | 2584CV02574 | **The Superior Court** |

| CASE NAME: | | John E. Powers III | Clerk of Courts |
| --- | --- | --- | --- |
| TODD & WELD LLP, | Plaintiff(s) | Suffolk | County |
| vs. | | COURT NAME & ADDRESS: | |
| | | Suffolk Superior Civil Court | |
| NEWSMAX MEDIA, INC., | | Three Pemberton Square | |
| | Defendant(s) | Boston, MA. 02108 | |

THIS SUMMONS IS DIRECTED TO ___Newsmax Media, Inc.___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court <u>and</u> mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

     a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Square, 12th Floor, Boston, MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, <u>AND</u>

     b) Delivering or mailing a **copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: David H. Rich, Esq., Todd & Weld LLP, One Federal Street, 27th Floor, Boston, MA 02110.

**3. What to include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Rule 12 of the Massachusetts Rules of Civil Procedure. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon.  Michael D. Ricciuti_____ , Chief Justice on _____ September 24 , 20 25 . (Seal)

Clerk _____

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

SEE ATTACHED AFFIDAVIT OF PROOF OF SERVICE.

_____

Dated: _____            Signature: _____

N.B.  TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                        SUPERIOR COURT DEPARTMENT
                                   OF THE TRIAL COURT

_____
                               )
TODD & WELD LLP,               )
                               )
        Plaintiff,             )
                               )
v.                             )        C.A. No. 2584CV02574
                               )
NEWSMAX MEDIA, INC.,           )
                               )
        Defendant.             )
_____)

## AFFIDAVIT OF PROOF OF SERVICE

I, David H. Rich, attorney for Plaintiff Todd & Weld LLP, certify that notice of service of

process in the above-captioned case was made upon Defendant Newsmax Media, Inc. and a

Summons and Complaint were sent to the Defendant by certified mail, return receipt requested

and that said receipt is attached hereto as **Exhibit A**.

I further depose and say that I have complied with the provisions of Mass. R. Civ. P.

4(e)(3) and Massachusetts General Laws, Chapter 223A § 6.

David H. Rich (BBO #634275)
drich@toddweld.com
TODD & WELD, LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626

Dated:  October 7, 2025

# EXHIBIT A

T&W / Newsmax

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- ~~to the back of the mailpiece,~~

Newsmax Media, Inc.
150 Park of Commerce Drive
Suite 100
Boca Raton, FL 33487

9590 9402 9100 4225 1923 80

2. Article Number (Transfer from service label)

9589 0710 5270 0092 1655 61

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
7/30/25

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

---

**USPS TRACKING #**



9590 9402 9100 4225 1923 80

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**TODD & WELD LLP**
**ONE FEDERAL STREET**
27th FLOOR
**BOSTON, MA 02110**

ATTN: David H. Rich, Esq.